IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SADIE HILL MURPHY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITIMORTGAGE, INC., and BAYVIEW ) <br> LOAN SERVICING, LLC ) <br> ) <br> Defendants. ) | CIVIL ACTION CASE NO. <br><br> 1:17-CV-00418-AT |

## CITIMORTGAGE'S REPLY IN SUPPORT OF MOTION TO STRIKE

COMES NOW Defendant CitiMortgage, Inc. ("CitiMortgage"), and submits this Reply in Support of its Motion to Strike Plaintiff Sadie Hill Murphy's ("Plaintiff") Untimely Response to CitiMortgage's Motion to Dismiss (Doc. 17) (the "Motion to Strike") in the above-styled action, respectfully showing the Court as follows:

Plaintiff had until October 13, 2017 — *i.e.*, 14 days from September 29, 2017 — to respond to CitiMortgage's Motion to Dismiss. See L.R. 7.1(B). Plaintiff did not file her Consolidated Response and Brief in Opposition to Defendants' Motion to Dismiss Complaint (Doc. 16) until October 26, 2017, nearly two weeks late.

Acknowledging that her Response was not timely, Plaintiff argues that because CitiMortgage's Motion to Dismiss is not a "pleading," CitiMortgage's Motion to Strike is

30839892 v1

the improper vehicle to address Plaintiff's otherwise untimely Response to CitiMortgage's Motion to Dismiss.  (See Response, pp. 2-3).  But Plaintiff does not address the fact that as noted in CitiMortgage's Motion to Strike, this Court has the discretion and legal authority to disregard an untimely response to a motion.  See McDuffie v. Broward County, Fla., 654 F. App'x 408 (11th Cir. 2016) (explaining that it is within the district court's discretion *in striking* Plaintiff's untimely response to a summary judgment motion); Milon v. Bank of America, N.A., 1:14-CV-01405-MHS-GGB, 2015 WL 11251957 (N.D. Ga. Feb. 19, 2015) (declining to consider the plaintiffs' untimely-filed response in opposition to defendants' motion to dismiss).  As in her other filings, Plaintiff curiously continues to rely on non-binding and inapplicable cases decided by Florida courts, but she fails to provide any authority or factual basis to support the application of Florida law here.

Plaintiff also appears to invoke the three additional days for her response under Fed. R. Civ. P. 6(d).  (See Response, pp. 3-4).  But the three additional days under Rule 6(d) is no longer applicable to service of papers through the Court's Electronic Filing System under the 2016 Amendment to Fed. R. Civ. P. 6(d), which has been in effect since December 1, 2016.  See Fed. R. Civ. P. 5(b), 6(d).  And even if Plaintiff had until October 16, 2017 instead of October 13, 2017 to respond to CitiMortgage's Motion to Dismiss, Plaintiff was still very late with her Response, so the three additional days would not help her.

In sum, Plaintiff concedes that she filed her Response late.  Plaintiff offers no justification or reason for excusable neglect for the untimely Response.  CitiMortgage respectfully requests that its Motion to Dismiss be deemed unopposed as many Courts, including this Court, have done in similar situations and disregard or strike the Response as it applies to CitiMortgage's Motion to Dismiss.[1]

Respectfully submitted this 6th day of December, 2017.

/s/ *Tala Amirfazli*
Tala Amirfazli
Georgia Bar No. 523890
tamirfazli@burr.com
*Counsel for Defendant CitiMortgage, Inc.*

BURR & FORMAN LLP
171 Seventeenth Street, N.W.
Suite 1100
Atlanta, Georgia  30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

---

[1] Plaintiff mischaracterizes CitiMortgage's Motion to Strike.  CitiMortgage does not ask that Plaintiff's Complaint be dismissed as a sanction for an untimely filing.  (See Response, pp. 4-5).  CitiMortgage requests that Plaintiff's Complaint be dismissed on the grounds stated in its Motion to Dismiss because Plaintiff cannot state a claim.  The Court should disregard or strike the Response because it was untimely.  Because CitiMortgage does not request that this Court impose sanctions and dismiss Plaintiff's Complaint due to her failure to timely respond to CitiMortgage's Motion to Dismiss, Plaintiff's arguments and the case law cited by her are not applicable.

## CERTIFICATION OF COUNSEL

I hereby certify that the foregoing **CITIMORTGAGE'S REPLY IN SUPPORT OF MOTION TO STRIKE** has been prepared with Times New Roman, 14 point font, one of the font and point selections approved by the Court in LR 5.1C.

>/s/ *Tala Amirfazli*
>Tala Amirfazli
>Georgia Bar No. 523890
>tamirfazli@burr.com
>*Counsel for Defendant CitiMortgage, Inc.*

BURR & FORMAN LLP
171 Seventeenth Street, N.W.
Suite 1100
Atlanta, Georgia  30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of December, 2017, I electronically filed the foregoing **CITIMORTGAGE'S REPLY IN SUPPORT OF MOTION TO STRIKE** with the Clerk of Court using the CM/ECF system which will automatically send an e-mail notification of such filing to the following:

| | |
|---|---|
| Howard P. Slomka, Esq.<br>Slipakoff & Slomka LLP<br>1069 Spring Street, N.W., 2nd Floor<br>Atlanta, Georgia  30309<br>Email: hs@myatllaw.com<br>*Counsel for Plaintiff* | Paul G. Durdaller, Esq.<br>Brian J. Levy, Esq.<br>Stites & Harbison PLLC<br>303 Peachtree Street, NE, Suite 2800<br>Atlanta, GA 30308<br>Email: pdurdaller@stites.com<br>Email: blevy@stites.com<br>*Counsel for Bayview Loan Servicing LLC* |

/s/ Tala Amirfazli
Tala Amirfazli
Georgia Bar No. 523890
tamirfazli@burr.com

*Counsel for Defendant CitiMortgage, Inc.*

BURR & FORMAN LLP
171 Seventeenth Street, Suite 1100
Atlanta, Georgia  30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244