UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SADIE HILL MURPHY        ) | |
| ) | |
| Plaintiff,        ) | CIVIL ACTION |
| ) | |
| ) | FILE NO. 1:17-CV418-AT |
| v.        ) | |
| ) | |
| CITIMORTGAGE INC        ) | |
| BAYVIEW LOAN SERVICING, LLC        ) | |
| ) | |
| Defendants        ) | |
| _____        ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY**

COMES NOW, Plaintiff by and through undersigned counsel and respectfully file this Motion for Leave to File Surreply ("Motion for Leave").

1. A copy of Plaintiff's Surreply in Further Support of Plaintiff's Opposition to Defendant's Motion to Strike is attached hereto as Exhibit A.

2. Defendant respectfully submits that a Surreply is warranted to respond to Plaintiff's misapplication Rule 12(f) to strike matters outside the pleadings.

3. Nothing in the Federal Rules of Civil Procedure or this Court's Local Rules prohibits the filing of surreplies. *See USMoney Source, Inc. v. Am. Int'l Specialty Lines Ins. Co.*, No. 1:07-cv-0682—WSD, 2008 WL 160709, at *2 n.5 (N.D. Ga. Jan 15, 2008) (granting parties' motions to file supplemental briefing and noting that although surreplies are not allowed as a matter of right, the court may in its discretion permit the filing of a Surreply where a valid reason for such additional briefing exists").

4.      Thus, the decision to grant a party permission to file a Surreply is within this Court's discretion. Accordingly, Plaintiff respectfully requests that the Court exercise its discretion and grant leave to file a Surreply to clarify the record and respond to Defendant's legal argument in its reply.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Court grant her Motion for Leave in the form attached hereto as Exhibit A and consider Plaintiff's Surreply in evaluating Defendant's Motion to Strike (Doc.17).

Respectfully submitted, this 21st day of December 2017.

/s/ Howard P. Slomka_____
Howard P. Slomka, Esq.
GA Bar 652875
Slipakoff & Slomka, PC
2859 Paces Ferry Road, SE
Suite 1700
Atlanta, GA 30339
(404)800-4017
hs@myatllaw.com
Counsel for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SADIE HILL MURPHY | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| | ) | FILE NO. 1:17-CV418-AT |
| v. | ) | |
| | ) | |
| CITIMORTGAGE INC | ) | |
| BAYVIEW LOAN SERVICING, LLC | ) | |
| | ) | |
| Defendants | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served opposing counsel with a copy of the within and foregoing Plaintiff's Motion for Leave to File Surreply via ECF and depositing a copy of same in the United States mail, in a properly addressed envelope, with adequate postage affixed thereon to insure delivery to:

Brian J. Levy, Esq.
STITES&HARBISON PLLC
303 Peachtree Street, N.E., Suite 2800
Atlanta, GA 30308
Direct: 404-739-8849
blevy@stites.com
Counsel for Bayview Loan Servicing LLC

John O'Shea Sullivan, Esq.
BURR FORMAN LLP
171 17th Street NW
Suite 1100
Atlanta, Georgia 30363
Direct:  404-685-4268
ssullivan@burr.com
Counsel for CitiMortgage Inc.

This 21st day of December 2017.

/s/ Howard P. Slomka_____
Howard P. Slomka, Esq.
GA Bar 652875
Counsel for Plaintiff

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SADIE HILL MURPHY ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| ) | FILE NO. 1:17-CV418-AT |
| v. ) | |
| ) | |
| CITIMORTGAGE INC ) | |
| BAYVIEW LOAN SERVICING, LLC ) | |
| ) | |
| Defendants ) | |
| ) | |

**SURREPLY IN FURTHER SUPPORT OF
<u>PLAINTIFF'S OPPOSITION TO CITIMORTGAGE INC.'S MOTION TO STRIKE</u>**

COMES NOW, Plaintiff by and through undersigned counsel and hereby files this Surreply in Further Support of Plaintiff's Opposition to Defendant Citimortgage Inc.'s Motion to Strike Response to its Motion to Dismiss, and states as follows:

**PROCEDURAL HISTORY**

1.  On September 29, 2017 Defendant filed its pre-answer Motion to Dismiss (Doc. 13).

2.  On October 26, 2017 Plaintiff filed her Opposition to Defendant's Motion to Dismiss (Doc.16).

3.  On November 3, 2017 Defendant filed its Motion to Strike Plaintiff's Opposition

Brief (Doc. 17) on the basis that it was not timely filed.

4. On November 22, 2017 Plaintiff filed her Opposition to Defendant's Motion to Strike her Motion in Opposition to Defendant's demurrer (Doc. 22).

5. On December 6, 2017 Citi filed its Reply in Support of Motion to Strike (Doc. 23), mistakenly asserting that its motion is a valid vehicle to strike Plaintiff's filing in response to the Defendant's Motion to Dismiss.

**ARGUMENT**

At this stage, the relevant issue at hand is whether Rule 12(f) permits courts to strike a plaintiff's responsive brief in opposition to defendant's motion to dismiss. The answer is to the negative. A motion to strike a motion (as opposed to a pleading) is not permitted regardless of whether the document sought to be stricken was timely filed.

In support of the above, Plaintiff cited *Mahon v. City of Largo, Fla.*, 829 F. Supp. 377, 385 (M.D. Fla. 1993) holding that a response to a motion is not a pleading, and thus a motion to strike is not proper. In response, Defendant declined to afford any importance to *Mahon* asserting that "Plaintiff curiously continues to rely on non-binding and inapplicable cases decided by Florida courts failing to provide any authority or factual basis to support the application of Florida law here". (Doc. 23 at p. 2). However, Georgia courts have followed *Mahon* providing further authoritative support.

In *Bradley v. Branch Banking & Trust Company*, et al. No: 3:15-cv-00012-TCB, 2015 WL 11422296 (N.D.Ga. July 30, 2015) denying the plaintiff's motion to strike the defendant's motion to dismiss, Judge Vineyard elaborated a valuable opinion on the applicable jurisprudence and procedural aspects which invalidate the use of motions to strike directed to filings such as the one presented in the case at bar. The ruling in *Bradley* cited below, and decided in this same court,

mirrors the procedural challenge presented and it is entirely applicable here:

> "By its plain language, Rule 12(f) only permits courts to strike material contained in 'a pleading" *Jallali v. Am. Osteopathic Ass'n*, No. 11–60604–CIV, 2011 WL 2039532, at *1 (S.D. Fla. May 25, 2011) (quoting Fed. R. Civ. P. 12(f)). Under Rule 7(a), "pleadings" are defined as '(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer" (quoting Fed. R. Civ. P. 7(a)). <u>Accordingly, numerous courts in the Eleventh Circuit, and elsewhere, have held that a motion to strike filings that are not pleadings (as defined by Rule 7(a)) is improper.</u> *Keira v. Berry*, No. 13–60990, 2013 WL 5416900, at *1 (S.D. Fla. Sept. 26, 2013). Indeed, "Rule 7 specifically distinguishes "pleadings" from "Motions and Other Papers" *Jallali,* 2011 WL 2039532, at *1 (citing Fed. R. Civ. P. 7(a) and (b)); see also *Keira*, 2013 WL 5416900, at *1 (quoting *Holyoak v. United States*, No. CV 08–8168–PHX–MKM, 2009 WL 1456742, at *1 (D. Ariz. May 21, 2009)) ("Rule 12(f) cannot serve as the procedural vehicle for striking language in motion papers*"); Collins v. Fulton Cty. Sch. Dist*., Civil Action No. 1:12–CV–1299–ODE–JSA, 2012 WL 7802745, at *7 (N.D. Ga. Dec. 26, 2012) (citation omitted) (noting that under Rule 7(a), pleadings ... do not include motions, briefs, or exhibits attached thereto)". *Id*, at *4.

Defendant does not move to strike any "pleadings" from the record, but only Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss, which is not a "pleading" within the definition of Rule 7(a). Because Defendant's motion is directed exclusively at matters outside the pleadings, it is improper under Rule 12(f) and is due to be denied.

Moreover, Defendant cited *Milon v. Bank of America, N.A*., 1:14-CV-01405-MHSGGB, 2015 WL 11251957 (N.D. Ga. Feb. 19, 2015) in support of its contention that Plaintiff's opposition brief should be denied since it was untimely filed. In *Milon*, the defendants in a wrongful foreclosure filed <u>a motion to dismiss Plaintiffs' complaint</u> pursuant to Rule 12(b)(6). Plaintiffs then filed an untimely response in opposition to Defendants' motions to dismiss, followed by the Defendants' Motion to Strike Plaintiffs' Response in Opposition to Motion which was granted. The Defendants in *Milon* moved to strike a complaint, which is a "pleading" under Rule 7(a), which is distinguishable from the case sub judice, where Defendant set out to strike a brief in

opposition to a demurrer which is not permissible.

Finally, Defendant argues that "Plaintiff does not address the fact that this Court has the discretion and legal authority to disregard an untimely response to a motion". Plaintiff does not dispute that this court has discretion to strike from pleadings any insufficient defense, redundant, immaterial, impertinent, or scandalous matter as permitted under OCGA § 9–11–12(f). Yet, even were the Court to find that Defendant's Motion to Strike is a proper vehicle to challenge Plaintiffs' brief, such brief is not impertinent and immaterial as to require its striking.

WHEREFORE, Plaintiff respectfully requests that this Court denies Defendant's Motion to Strike (Doc. 17), consider the issues on their merits, and grant any other relief it may deem just and proper.

Respectfully submitted, this 21st day of December 2017.

/s/ Howard P. Slomka
Howard P. Slomka, Esq.
GA Bar 652875
Slipakoff & Slomka, PC
2859 Paces Ferry Road, SE
Suite 1700
Atlanta, GA 30339
(404)800-4017
hs@myatllaw.com
Counsel for Plaintiff